IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

GALE CORBETT HUTCHINSON, JR. §
      #135873

VS. § CIVIL ACTION NO. 4:11cv233
*Consolidated through*
CIVIL ACTION NO. 4:11cv239

SHERIFF, COLLIN COUNTY §

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a prisoner currently confined in the Collin County Detention Facility in McKinney, Texas, brings this *pro se* petition for a writ of habeas corpus challenging his confinement pursuant to 28 U.S.C. § 2241. The petition was referred for findings of fact, conclusions of law, and recommendations for disposition of the case.

Background

Petitioner is complaining about Collin County criminal proceedings that are pending against him, asserting that he is being unlawfully confined. In his petition with this Court, Petitioner complains that his court-appointed attorney made a statement as to his guilt to the prosecutor before the Grand Jury convened, he has not been granted a speedy trial, his bond is excessive, officials are delaying the trials as a ploy to force him to plead guilty, and the trial court unlawfully held his bond insufficient in March, 2010. He asserts that he has filed applications

1

for writs of habeas corpus in the state trial court, but concedes that he has not yet received a decision on those writs. His motion for leave to file an original application for a writ of habeas corpus in the Texas Court of Criminal Appeals was denied on March 30, 2011.

Exhaustion of State Remedies

A state prisoner must exhaust all remedies available in state court before proceeding in federal court unless circumstances exist which render the state corrective process ineffective to protect the prisoner's rights. 28 U.S.C. § 2254(b), ( c). In order to exhaust properly, he must "fairly present" all of his claims to the state court. *Picard v. Connor*, 404 U.S. 270, 275, 92 S. Ct. 509, 512, 30 L. Ed.2d 438 (1971). In Texas, all claims must be presented to and ruled on by the Court of Criminal Appeals of Texas. *Richardson v. Procunier*, 762 F.2d 429, 430-31 (5th Cir. 1985); *Deters v. Collins*, 985 F.2d 789 (5th Cir. 1993). It should be noted that a federal habeas corpus petitioner fails to exhaust his state remedies when he relies on a different legal theory than that presented in state court, or when he makes the same legal claim to a federal court, but supports the claim with factual allegations that he did not present to the state courts. *Dispensa v. Lynaugh*, 847 F.2d 211, 217 (5th Cir. 1987).

Federal courts may not consider pre-trial habeas corpus petitions from state prisoners unless all available state habeas corpus procedures have been exhausted. *See Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987). Furthermore, even if state procedures have been exhausted, habeas corpus relief will not be available absent "special circumstances." *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489, 93 S. Ct. 1123, 1127, 35 L. Ed.2d 443 (1973). The Fifth Circuit has held that the denial of a speedy trial is not a "special

circumstance" warranting pretrial habeas relief. *Dickerson*, 816 F.2d at 229.

In the present case, Petitioner has not exhausted his state habeas court remedies. A review of the Fifth Court of Appeals website reveals that no action has been taken on his state writs, Cause Numbers 05-11-00456-CV thru 05-11- 463-CV. The Fifth Circuit has held that in a pretrial application for the writ of habeas corpus, federal courts must abstain from the exercise of jurisdiction if the issued raised in the petition may be resolved either by a trial on the merits in state court or by other state procedures available to the petitioner. *Id.,* at 225. Even if Petitioner had exhausted all of his state pre-trial habeas corpus remedies, relief should be denied because the claims raised by him do not constitute "special circumstances" warranting federal pre-trial habeas corpus relief. *Id.,* at 229. Consequently, the petition should be dismissed for failure to exhaust.

Recommendation

It is recommended that the above-styled petition for writ of habeas corpus be denied without prejudice for failure to exhaust state habeas corpus remedies.

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations contained in the report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v.*

*United Servs. Auto Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

**SIGNED this 29th day of April, 2011.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE